1

2   Irene Karbelashvili, State Bar Number 232223
    Law Office of Irene Karbelashvili
3   12 South First Street, Suite 413
    San Jose, CA 95113
4   Telephone: (408) 295-0137
    Fax: (408) 295-0142
5

6   Kenneth J. Pinto, State Bar Number 221422
    Law Office of Kenneth J. Pinto
7   12 South First Street, Suite 713
    San Jose, CA 95113
8   Telephone: (408) 289-1765
    Fax: (408) 289-1754
9

10  Attorneys for RICHARD JOHNSON, Plaintiff

11              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12

13  ┌─────────────────────────────────┐
    │ RICHARD JOHNSON                  )   **Case No.**
14  │      Plaintiff,                  )
    │                                  )   ***Civil Rights***
15  │                                  )
    │ vs.                              )
16  │                                  )   **COMPLAINT FOR**
    │ CONTINENTAL, LLC, a California   )   **PRELIMINARY AND**
17  │ limited liability company; AMANJEET )  **PERMANENT INJUNCTIVE**
    │ SINGH, an individual, d/b/a SUBWAY )  **RELIEF AND DAMAGES:**
18  │ SANDWICHES; and DOES 1-20 inclusive, )  **DENIAL OF CIVIL RIGHTS AND**
    │           Defendants.            )   **ACCESS TO PUBLIC MALL AND**
19  │                                  )   **SUBWAY TO PHYSICALLY**
    │                                  )   **DISABLED PERSONS, PER**
20  │                                  )   **FEDERAL AND CALIFORNIA**
    │                                  )   **STATUTES (INCLUDING CIVIL**
21  │                                  )   **CODE §§ 51, 52, 54, 54.1, 54.3,**
    │                                  )   **AND § 55; AND HEALTH &**
22  │                                  )   **SAFETY CODE §§ 19955 ET**
    │                                  )   **SEQ.); INJUNCTIVE RELIEF**
23  │                                  )   **PER TITLE III, AMERICANS**
    │                                  )   **WITH DISABILITIES ACT OF**
24  │                                  )   **1990**
25

26

27
    ─────────────────────────────────────────────────────────
28  Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and
    Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and
    § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

### III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

### IV. PARTIES

7. Singh owns, operates, manages, and/or leases Subway.

8. Continental owns, operates, manages, and/or leases the Mall.

9. DOES 1-20 Defendants own, operate, manage, and/or lease Subway and Mall, and consist of a person (or persons), firm, and/or corporation. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

10. Plaintiff is informed and believes that each of the Defendants, DOES 1through 20 inclusive  is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

11. Plaintiff is a paraplegic who is unable to walk or stand, and requires the use of a wheelchair when traveling about in public. Plaintiff possesses a DMV issued disabled parking placard and is entitled to park in disabled accessible parking spaces, including van accessible

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 3 of 17

parking spaces, and to travel on and along public paths of travel between such parking Mall and Subway and areas to which the general public is invited. He is also entitled to fully accessible Mall and Subway with the public areas of the subject strip mall. Consequently, Plaintiff is "physically disabled," as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926 and a member of the public whose rights are protected by these laws. Plaintiff is, and at all times relevant hereto was, a resident of California.

## V. FACTS

12. The Subway is a sales or retail establishment as defined under Title III of the ADA, 42 U.S.C. § 12181 7 (B), and California civil rights laws. Cal. Civ. Code § § 51 *et seq.,* and Health & Safety Code § 19955 *et seq.* The Subway is open to the public, intended for nonresidential use and its operation affects commerce.

13. The Mall is a sales or retail establishment as defined under Title III of the ADA, 42 U.S.C. § 121817 (B) and (E), and California civil rights laws. Cal. Civ. Code § § 51 *et seq.,* and Health & Safety Code § 19955 *et seq.* The Mall is open to the public, intended for non-residential use and its operation affects commerce.

14. Plaintiff visited the Mall and Subway on several occasions and encountered barriers (both physical and intangible) that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Mall and Subway.

15. The last visit was on February 6, 2014. Failure by Defendants to comply with the ADA not only caused Plaintiff great embarrassment but also placed him in serious danger of suffering a physical injury.

16. The parking lot at the Mall has a number of barriers which are a hazard to disabled customers. For example, the slope of the ADA parking spot and the access aisle in front of the Subway slope is too steep. Furthermore, the slope of the curb ramp in front of the Subway is too steep as well. Similarly, the path of travel from sidewalk slopes is seep too. Such steep slopes require Plaintiff to use the utmost care as he makes his way to the entrance while in fear of losing control of his wheelchair.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 4 of 17

17. Although the Mall does have parking reserved exclusively for the disabled, it is rarely available because Defendants do nothing to prevent vehicles without the required disability permits from parking in that parking area. For example, mandated tow away signs used to deter people without disabled parking permits from parking in the ADA parking area are nonexistent. Consequently, Plaintiff is forced to park elsewhere and then navigate across the parking lot to the building entrance hoping that he is not struck by a backing out vehicle.

18. When dining at Subway, Plaintiff was unable to sit outside because Defendants fail to provide outside ADA seating. Moreover, ADA requires that at least one table inside of the building be reserved for the disabled which Defendants also fail to do. Furthermore, using the restroom at the Subway was extremely difficult and embarrassing. As others watched, Plaintiff struggled in making his way into the restroom because the tables encroach into the bathroom door clear floor space and the bathroom door has less than 12" clear space on push side.

19. Embarrassed, disappointed, and placed in significant risk of being seriously injured, Plaintiff left the Mall feeling like a second class citizen. Plaintiff wants to have an opportunity to enjoy the goods and services offered at the Mall. Unfortunately, this is not feasible as long as Defendants continues to violate the ADA.

20. To the extent known by Plaintiff, the barriers at Subway included, but are not limited to, the following:

- No exterior ADA seating;
- No 5% ADA tables inside (only 1 provided);
- Low counter is not free of objects;
- Bathroom has wrong ADA signage;
- Tables encroach into bathroom door clear floor space;
- Bathroom door has less than 12" clear space on push side;
- Bathroom door latch not easy to operate with closed fist;
- Bathroom door lower 10" are not clear;
- Water closer more than 18" from wall;
- Water closet flush is on the tight side;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 5 of 17

- Water closer does not have side clear space;
- Seat cover dispenser above 40″
- Paper dispenser higher than 40″
- Sink faucet hard to operate with closed fist.

These barriers prevented Plaintiff from enjoying full and equal access at Subway.

21. To the extent known by Plaintiff, the barriers at the Mall included, but are not limited to, the following:

- Tow away sign missing;
- Path of travel from sidewalk slops over 5%;
- ADA parking in front of subway slopes over 2%;
- Subway Parking access aisle slops over 2%;
- Subway New Curb ramp is extremely sloped, way over 8.33%;
- Subway Curb ramp does not differ in color from side walk;
- Subway Side flared  of curb ramp slops over 10%;
- Subway Top landing of curb ramp less than 48″ deep;
- Subway Parking sign lacks $250 penalty sign;
- Subway Parking is less than 18″ deep;
- Health Club ADA parking has white lines instead of blue;
- Health Club ADA parking slopes over 2%;
- Health Club ADA parking access aisle slopes over 2%;
- Health Club ADA parking new curb ramp slopes over 8.33%;
- Health Club ADA parking new curb ramp flared side slope over 10%;
- Health Club ADA parking sign lacks the $250 sign;
- Martial Arts  curb ramp slopes over 8.33%;
- Martial Arts  curb ramp   flared side slope over 10%;
- Martial Arts  curb ramp   does not differ in color from sidewalk;
- Goodwill ADA parking access aisle painted white and not blue;
- Goodwill ADA parking does not have $250 sign;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 6 of 17

- Goodwill new curb ramp does not differ in color from sidewalk;
- Goodwill new curb ramp slopes over 8.33%;
- Goodwill new curb ramp flared sides over 10%

These barriers prevented Plaintiff from enjoying full and equal access at the Mall.

22. Plaintiff was also deterred from visiting the Mall and Subway because he knew that the Mall's and Subway's goods, services, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Mall and Subway because of the future threats of injury created by these barriers.

23. Plaintiff also encountered barriers at the Mall and Subway which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Plaintiff is seeking to remove barriers unrelated to his disability.

24. These barriers to access are listed without prejudice to plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. The Mall and Subway must be brought into compliance with all applicable federal and state code requirements, according to proof.

25. Defendants knew that these elements and areas of the Mall and Subway were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Mall and Subway (without much difficulty or expense), and make the Mall and Subway accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

26. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Mall and Subway to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 7 of 17

1  regulations. Defendants have not removed such impediments and have not modified the mMall

2  and Subway to conform to accessibility standards.

### Americans with Disabilities Act of 1990
#### *Denial of "Full and Equal" Enjoyment and Use*
### (The Subway)

27. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 for this claim.

28. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

29. Singh discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, privileges or accommodations of the Subway during each visit and each incident of deterrence.

### *Failure to Remove Architectural Barriers in an Existing Facility*

30. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

31. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

32. Here, Plaintiff alleges that Singh can easily remove the architectural barriers at the Subway without much difficulty or expense, and that Singh violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

33. In the alternative, if it was not "readily achievable" for Singh to remove the Subway's barriers, then Singh violated the ADA by failing to make the required services

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 8 of 17

1 available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

34. On information and belief, the Subway was designed or constructed (or both) after January 26, 1992-independently triggering access requirements under Title III of the ADA.

35. The ADA also prohibits designing and constructing Mall and Subway for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

36. Here, Singh violated the ADA by designing or constructing (or both) the Subway in a manner that was not readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

37. On information and belief, the Subway was modified after January 26, 1992, independently triggering access requirements under the ADA.

38. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

39. Here, Singh altered the Subway in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Plaintiff, to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

40. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 9 of 17

41. Here, Singh violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Subway, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, or accommodations.

42. Plaintiff seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

43. Plaintiff also seeks a finding from this Court (*i.e.,* declaratory relief) that Singh violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

### VII. SECOND CLAIM
### Disabled Persons Act
### (The Subway)

44. Plaintiff incorporates the allegations contained in paragraphs 1 through 43 for this claim.

45. The Subway is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

46. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities , and other public places. California Civil Code § 54.

47. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, Mall and Subway, and privileges of covered entities. California Civil Code § 54.1(a)(1).

48. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

49. Singh has violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

50. Pursuant to the remedies, procedures, and rights set forth in California Civil Code

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 10 of 17

1   §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

2

3                              **VIII. THIRD CLAIM**
                             **Unruh Civil Rights Act**
4                                 **(The Subway)**

5
        51. Plaintiff incorporates the allegations contained in paragraphs 1 through 50 for this
6   claim.

7       52. The Subway is a business establishment and, as such, must comply with the
8   provisions of the Unruh Act, California Civil Code § 51 *et seq.*

9       53. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to
10  full and equal accommodations, advantages, privileges, or services in all business
11  establishments of every kind whatsoever within the jurisdiction of the State of California.
    California Civil Code § 51(b).
12
        54. The Unruh Act also provides that a violation of the ADA, or of California state
13  accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).
14
        55. Singh have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting
15  the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages,
16  privileges, or services offered at Subway.

17      56. Singh have also violated the Unruh Act by denying, or aiding or inciting the
18  denial of, Plaintiffs rights to equal access arising from the provisions of the California state
19  accessibility regulations and the ADA.

20      57. Pursuant to the remedies, procedures, and rights set forth in California Civil Code
    § 52, Plaintiff prays for judgment as set forth below.
21

22

23                            **IX. FOURTH CLAIM**
             **Denial of Full and Equal Access to Public Mall and Subway**
24                                **(The Subway)**

25      58. Plaintiff incorporates the allegations contained in paragraphs 1 through 57 for this
26  claim.

27      59. Health and Safety Code § 19955(a) states, in part, that: California public

28  Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and
    Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and
    § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

    Page 11 of 17

accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

60. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

61. Plaintiff alleges the Subway is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Subway was not exempt under Health and Safety Code § 19956.

62. Singh's non-compliance with these requirements at the Subway aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. FIFTH CLAIM
### Americans with Disabilities Act of 1990
### *Denial of "Full and Equal" Enjoyment and Use*
### (The Mall)

63. Plaintiff incorporates the allegations contained in paragraphs 1 through 62 for this claim.

64. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

65. Continental discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, privileges or accommodations of the Mall during each visit and each incident of deterrence.

### *Failure to Remove Architectural Barriers in an Existing Facility*

66. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 12 of 17

§ 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

67. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, of public facilities or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

68. Here, Plaintiff alleges that Continental can easily remove the architectural barriers at the Mall without much difficulty or expense, and that Continental violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

69. In the alternative, if it was not "readily achievable" for Continental to remove the Mall's barriers, then Continental violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### *Failure to Design and Construct an Accessible Facility*

70. On information and belief, the Mall was designed or constructed (or both) after January 26, 1992, independently triggering access requirements under Title III of the ADA.

71. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

72. Here, Continental violated the ADA by designing or constructing (or both) the Mall in a manner that was not readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.[31]

### *Failure to Make an Altered Facility Accessible*

73. On information and belief, the Mall was modified after January 26, 1992, independently triggering access requirements under the ADA.

74. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 13 of 17

drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

75. Here, Continental altered the Mall in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Plaintiff, to the maximum extent feasible.

### *Failure to Modify Existing Policies and Procedures*

76. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services of facilities or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

77. Here, Continental violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Mall, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, Mall and Subway, or accommodations.

78. Plaintiff seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

79. Plaintiff also seeks a finding from this Court (*i.e.,* declaratory relief) that Continental violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

### XI. SIXTHCLAIM
### Disabled Persons Act
### (The Mall)

80. Plaintiff incorporates the allegations contained in paragraphs 1 through 79 for this claim.

81. The Mall is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

88. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways,

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

1 | public buildings, public facilities , and other public places. California Civil Code § 54.

2 | 89. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to
3 | full and equal access, as other members of the general public, to accommodations, advantages,
4 | and privileges of covered entities. California Civil Code  § 54.1(a)(1).

5 | 90. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA,
California Civil Code  § 54.1(d).

6 | 91. Continental has violated the CDPA by, inter alia, denying and/or interfering with
7 | Plaintiff right to full and equal access as other members of the general public to the
8 | accommodations, advantages, due to his disability.

9 | 92. Pursuant to the remedies, procedures, and rights set forth in California Civil Code
10 | §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

11 |
12 | **XII. SEVENTH CLAIM**
13 | **Unruh Civil Rights Act**
**(The Mall)**

14 | 93. Plaintiff incorporates the allegations contained in paragraphs 1 through 92 for this
15 | claim.

16 | 94. The Mall is a business establishment and, as such, must comply with the
17 | provisions of the Unruh Act, California Civil Code  § 51 *et seq.*

18 | 95. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to
19 | full and equal accommodations, advantages, privileges, or services in all business
20 | establishments of every kind whatsoever within the jurisdiction of the State of California.
21 | California Civil Code  § 51(b).

22 | 96. The Unruh Act also provides that a violation of the ADA, or of California state
accessibility regulations, is a violation of the Unruh Act. California Civil Code  § 51(f).

23 | 97. Continental has violated the Unruh Act by, *inter alia,* denying, or aiding or
24 | inciting the denial of, Plaintiff's rights to full and equal use of the accommodations,
25 | advantages, privileges, or services offered at the Mall.

26 | 98. Continental also violated the Unruh Act by denying, or aiding or inciting the
27 | denial of, Plaintiffs rights to equal access arising from the provisions of the California state

28 | Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

1  accessibility regulations and the ADA.

2      99. Pursuant to the remedies, procedures, and rights set forth in California Civil Code
3  § 52, Plaintiff prays for judgment as set forth below.

4

5                          **XIII. EIGHTH CLAIM**
   **Denial of Full and Equal Access to Public Mall and Subway**
6                              **(The Mall)**

7      100. Plaintiff incorporates the allegations contained in paragraphs 1 through 99 for
8  this claim.

9      101. Health and Safety Code § 19955(a) states, in part, that: California public
10 accommodations or Mall and Subway (built with private funds) shall adhere to the provisions
11 of Government Code § 4450.

12     102. Health and Safety Code § 19959 states, in part, that: Every existing (non-
13 exempt) public accommodation constructed prior to July 1, 1970, which is altered or
   structurally repaired, is required to comply with this chapter.

14     103. Plaintiff alleges the Mall is a public accommodation constructed, altered, or
15 repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government
16 Code § 4450 (or both), and that the Mall was not exempt under Health and Safety Code §
17 19956.

18     104. Continental's non-compliance with these requirements at the Mall aggrieved (or
19 potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, he
20 seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

21

22                          **PRAYER FOR RELIEF**
       WHEREFORE, Plaintiff prays judgment against Singh for:
23     1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

24     2. Declaratory relief that Singh violated the ADA for the purposes of Unruh Act or
25 Disabled Persons Act damages.

26     3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California
27 Civil Code (but not both) according to proof.

28 Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and
   Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and
   § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

   Page 16 of 17

4. Attorneys' fees, litigation expenses, and costs of suit.

5. Interest at the legal rate from the date of the filing of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Continental for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Continental violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.

5. Interest at the legal rate from the date of the filing of this action.

Dated: 05/23/14                    /s/    *Irene Karbelashvili*
                                   Irene Karbelashvili, Attorney for
                                   Plaintiff Richard Johnson

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 05/23/14                    /s/    *Irene Karbelashvili*
                                   Irene Karbelashvili, Attorney for
                                   Plaintiff Richard Johnson

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Mall and Subway to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 17 of 17